In the Matter of the Application of CORNELIUS DRISCOLL, Appellant, for an Order to Compel JOSEPH W. CLAUSEN, Respondent, Attorney-at-Law of the State of New York, to Turn over Certain Moneys.

First Department, December 1, 1916.

Attorney at law — summary proceeding to compel attorney to pay over — assignment of judgment to attorney's clerk — duty of attorney.

Where, pending an appeal to the Court of Appeals from a judgment for the plaintiff in a negligence action, a clerk in the office of the plaintiff's attorney induced the plaintiff to assign his one-half interest in the

First Department, December, 1916.          [Vol. 175.

judgment for a sum much less than the value of that interest, the money paid to the plaintiff being in the greater part furnished by the clerk, the court, on the plaintiff's motion, will order a reference to determine whether the plaintiff's attorney should not be compelled summarily to pay over the client's share in the recovery notwithstanding the assignment thereof.

The attorney's alleged ignorance of the client's transaction with his law clerk is no answer to the summary proceeding for, *it seems*, he should have made such investigation as would have protected the client against such improvident assignment.

APPEAL by the petitioner, Cornelius Driscoll, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of July, 1916, as denies his motion to compel respondent to turn over and pay to the petitioner the sum of $7,636.29.

*Arthur F. Engel*, for the appellant.

*John Vernou Bouvier, Jr.* [*Joseph A. Burdeau* with him on the brief], for the respondent.

DOWLING, J.:

The petitioner was injured on January 19, 1911, by a fall from a window which he was cleaning in the Hotel Cadillac, New York city, and sustained severe injuries. He retained Joseph W. Clausen as his attorney to prosecute his cause of action therefor, being induced so to do by one William T. Hope, who claims to be a law clerk or investigator in Clausen's office and who conducted a business of his own in Clausen's office speculating "in stock and other choses in action and * * * sometimes buys and sells jewelry for the purpose of making a profit." This independent business he carried on therein under a privilege given by Clausen to him so to do. Driscoll's action having been tried, he recovered a verdict of $12,500, but the trial judge directed the exceptions taken on such trial to be heard in the first instance at the Appellate Division, First Department, and pending their determination the entry of judgment was suspended. In this court the exceptions were overruled and judgment directed for plaintiff on the verdict by a vote of three to two in October, 1913 (*Dris-*

coll v. *Cadillac Hotel Co.*, 158 App. Div. 933), and thereafter the defendant in that case, the Cadillac Hotel Company, took an appeal to the Court of Appeals. While said appeal was pending, and before it was argued, Hope is claimed to have represented that Driscoll's case was desperate, but that there was a party, a gambler, "who would take a chance on anything," and whom Hope could get to give $2,500 for the claim; that otherwise it looked as though Driscoll would wind up in the work house. Hope is claimed to have made various representations as to the desperate nature of Driscoll's case to induce him to sell his half interest in the judgment, for he had already contracted to pay the other half to Clausen for his services as his attorney. Thereafter Hope took Driscoll and his sister to an office on Broadway, where certain papers were signed, the nature of which Driscoll claims he did not know, whereupon he received a check for $2,500, which Hope secured to be cashed for Driscoll, taking him to a bank for that purpose. On the following day, October 14, 1915, the paper was filed in the office of the county clerk of New York county. It purports to be an assignment to Frank O. Burridge of the entire judgment recovered by Driscoll against the Cadillac Hotel Company, although Driscoll had in fact long before transferred a half interest in any recovery to his attorney, Clausen. The consideration recited was $2,500, and the amount of the judgment was stated to be $13,512.65. Thereafter the judgment was affirmed by the Court of Appeals (216 N. Y. 686) and it was satisfied by Frank O. Burridge, the check for $15,272.58 being drawn to the order of Joseph W. Clausen as attorney for Cornelius Driscoll.

The attorney for the accident corporation which paid the money swears that the check was turned over to Mrs. White, who also appears to have had some relation to the defendant's business, the nature of which is not clear, and who delivered the satisfaction judgment to said attorney. Clausen signed an indorsement on the check as attorney for Cornelius Driscoll, and individually, that he accepted the same in full payment of the claim stated on the face thereof, which was the judgment in question. Thereupon, having in his possession $15,272.58, whereof one-half belonged to him under his agreement with

Driscoll, and the other half was the sum originally coming to his client out of the judgment, he paid over to William T. Hope, the law clerk and investigator in his office, through whom it is claimed all the conduct of the case was had (for Driscoll swears he never met Clausen but always Hope), four-fifths of his client's share in the judgment and the remaining one-fifth to Burridge, the assignee named in the assignment. It now develops that although the assignment was taken in the name of Burridge, this law clerk had actually advanced $2,000 out of the $2,500 paid Driscoll, and had been himself speculating on Driscoll's chances of recovery. Clausen appears to have made no investigation of any kind before paying over the money to his clerk, and never sent for his client to interrogate him as to the conditions under which he came to sell a half interest in a judgment worth over $7,500 for $2,500 nor as to the method by which his own clerk and investigator (who had charge of Driscoll's case), hiding behind the name of Burridge, had bought up for thirty-three cents on the dollar the claim of Clausen's own client.

While it is claimed that Driscoll acted with full knowledge of the amount he was receiving and the relation it bore to the amount he might ultimately receive, and while it is contended that he was anxious to dispose of his half of the judgment, still we do not think that Clausen has shown that he discharged his duty to his client so as to be exonerated from further liability to him by the payment to his own clerk. If Clausen knew the facts attending the execution of the assignment and was a consenting party thereto, the rule applicable to his conduct would be quickly determined. But in view of his ignorance (studied or otherwise) of what transpired, we do not think that upon this record he has shown that he has discharged his duty to his client or that he can relieve himself of liability for the client's half of the judgment which he paid away without a single step to inquire if his client's interests had been protected. One of the vital questions in the case must necessarily be what he would have learned had he made such inquiry. Another important question is what knowledge he had, or should have had, of what was going on in his office to the detriment of his clients and for the advantage of his

clerks. The record before us is not such as to satisfactorily answer the questions of fact which must be solved before the exact nature of the attorney's responsibility to his client can be determined.

The matter will, therefore, be referred to an official referee to take the proofs in support of the petition and in opposition thereto and to report the testimony with all convenient speed to the Special Term of the Supreme Court. In the meantime the order appealed from in so far as it denies the motion to compel the attorney to pay over one-half of the judgment to his client is reversed, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SCOTT and PAGE, JJ., concurred.

Order reversed, with costs to appellant to abide the event, and matter referred to official referee. Order to be settled on notice.